IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ETHAN IAN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 117-082 |
| ) | |
| WARDEN HILTON HALL; JAMES ) | |
| BLANCHARD, JR.; and HOMER BRYSON, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On July 10, 2017, Plaintiff, an inmate at Coffee Correctional Facility (CCF) in Nicholls, Georgia, submitted a pleading on a form used to file a complaint pursuant to 42 U.S.C. § 1983, and the Clerk of Court opened the case as a civil rights action in the Waycross Division of the Southern District of Georgia. Johnson v. Hall, CV 517-086, doc. no. 1 (S.D. Ga. July 10, 2017). Upon review of the pleading, United States Magistrate Judge R. Stan Baker concluded that although Plaintiff sought monetary damages from Defendants, he also sought immediate release from prison based on a conviction obtained in Columbia County, Georgia. Id., doc. no. 5, p. 1. Thus, Judge Baker determined the case was more appropriately characterized as a habeas corpus petition and transferred the case to the Augusta Division, the location where the challenged conviction was obtained. Id. Upon

transfer, the Clerk of Court again docketed the case as a civil rights complaint. Johnson v. Hall, CV 117-082, doc. nos. 6, 7 (S.D. Ga. July 19, 2017).

Upon review of the transferred proceedings, the Court concluded the case could not move forward without first obtaining clarifying information from Plaintiff. In particular, the Court provided Plaintiff with the warning required by Castro v. United States, 540 U.S. 375, 382-83 (2003), and directed Plaintiff to notify the Court whether he contested the re-characterization of his pleading submitted on a § 1983 form, wished to withdraw the pleading, or wished to assert any other federal habeas corpus claims he believes he has. (See doc. no. 8.) The Clerk of Court also provided a blank habeas corpus form. (See doc. no. 8-1.) Plaintiff responded that he did not seek his immediate release and expungement of his record, but preferred to proceed with a civil rights complaint. (See doc. no. 9.)

The Court then granted Plaintiff permission to proceed *in forma pauperis* ("IFP") with his civil rights case and ordered him to file an amended complaint, which he did. (See doc. nos. 10, 13.) Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I. SCREENING OF THE AMENDED COMPLAINT

### A. BACKGROUND

Plaintiff names the following Defendants: (1) Hilton Hall, Warden of CCF; (2) Honorable James Blanchard, Jr., Superior Court Judge, and (3) Homer Bryson, Commissioner of Georgia Department of Corrections. (See doc. no. 13, pp. 1-3.) Plaintiff sues all Defendants in their official capacity. (Id. at 2-3.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff has been incarcerated since May of 2010. (Id. at 4.) He provides no details of his crime of conviction or sentence, but Plaintiff asserts he is "illegally incarcerated due to a null sentence imposed by Judge Bla[n]chard, upheld by Commissioner Bryson, and Warden Hall."[1] (Id. at 5.) Plaintiff also contends his constitutional rights were violated at CCF when he was "illegally striped search [sic] in the presen[ce] of approximately 20 officers, and 20 inmates on 16 Feb. 2017 [while] three women officers were in visual presen[ce] seated at the tables in the day room." (Id.) Plaintiff seeks $80,000,000 from Commissioner Bryson, $8,000,000 from Warden Hall, and $8,000,000 from Judge Blanchard. (Id.)

## B.   DISCUSSION

### 1.   Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl.

---

[1] According to the Georgia Department of Corrections web site, Plaintiff is serving a term of twenty years for child molestation. See http://www.dcor.state.ga.us/GDC/OffenderQuery, follow link Find an Offender and enter Johnson, Ethan (last visited Oct. 13, 2017).

3

Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim against Judge Blanchard.

Plaintiff's request for monetary damages against Judge Blanchard is barred by judicial immunity.[2] It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority." Rehberg v. Paulk,

---

[2]To the extent Plaintiff's claims against Judge Blanchard could be construed as a request for injunctive relief, such claims are not barred by the same principles as those barring requests for monetary damages. See Bolin v. Story, 225 F.3d 1234, 1239-43 (11th Cir. 2000) (*per curiam*). Nonetheless, such a request for injunctive relief would still be barred by Heck v. Humphrey, 512 U.S. 477 (1994), as discussed *infra*, Part I.B.3.

4

566 U.S. 356, 363 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). Thus, the Court must determine whether Judge Blanchard was dealing with Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside his subject matter jurisdiction. See Stump, 435 U.S. at 359-64.

As Plaintiff makes no allegation Judge Blanchard acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether his actions were of the type normally performed by judges. Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table). Here, Plaintiff alleges Judge Blanchard imposed an illegal sentence that has resulted in Plaintiff's incarceration "beyond what is required by law." (Doc. no. 13, p. 5.) Plaintiff provides no details to suggest the challenged actions were not of the type normally performed by judges, i.e., sentencing a person convicted of a crime. Thus, Plaintiff fails to state a valid claim for relief for against Judge Blanchard.

### 3. Plaintiff Fails to State a Claim for Wrongful Imprisonment.

Plaintiff's claim for wrongful imprisonment is barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. at 486-87. The Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at

5

487. Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. Heck, 512 U.S. at 483; see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983).

Here, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's claims based on his alleged wrongful imprisonment should be dismissed for failure to state a claim upon which relief can be granted.

### 4. Liability May Not Be Imposed Simply by Virtue of Supervisory Position.

Moreover, Plaintiff may not hold Warden Hall or Commissioner Bryson liable for the claims raised merely by virtue of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d

504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Warden Hall or Commissioner Bryson liable, Plaintiff must demonstrate that either (1) each Defendant actually participated in the alleged constitutional violation, or (2) there is a causal connection between each Defendant's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, as to his allegedly wrongful imprisonment, even if the claim were not barred by Heck, Plaintiff does not allege Warden Hall or Commissioner Bryson had anything to do with imposing the allegedly illegal sentence or have any authority to change it. As to the strip search, they are not alleged to have even known about it, let alone to have participated in it. (See doc. no. 13, pp. 4-5.)

Likewise, Plaintiff must allege a causal connection between each Defendant and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit,

7

"deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection between these two Defendants and any alleged constitutional violations. First, as discussed above, there is no actionable, underlying constitutional violation as to the alleged wrongful imprisonment, and thus no basis for *respondeat superior* liability. See Dang v. Sheriff, Seminole Cty., Fla., -F.3d-, No. 15-14842, 2017 WL 4230552, at *7 (11th Cir. Sept. 25, 2017). Second, there has been no showing of personal participation by either Defendant in the alleged strip search, let alone a showing of (1) a history of widespread abuse regarding strip searches at CCF, (2) an improper custom or policy put in place by either Defendant, or (3) an inference either Defendant directed CCF employees to act, or knew they would act, unlawfully. In sum, Plaintiff has not shown Warden Hall or Commissioner Bryson actually participated in the alleged constitutional violations; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Warden Hall or Commissioner Bryson.

### 5. Even if Plaintiff Had Stated a Viable § 1983 Claim Against Commissioner Bryson, There Can Be No Official Capacity Claim for Monetary Damages.

Plaintiff is attempting to proceed against Commissioner Bryson in his official capacity as the head of the Georgia Department of Corrections, and he seeks an award of

8

monetary damages from this Defendant.  (See doc. no. 13, p. 2.)  However, a lawsuit against a state officer such as Commissioner Bryson in his official capacity is "no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The Eleventh Amendment and traditional principles of state sovereignty protect states from private lawsuits. See Alden v. Maine, 527 U.S. 706, 712-13 (1999).  Thus, as there has been no waiver of immunity, official capacity claims against Commissioner Bryson for money damages fail as a matter of law.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985); Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989).

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of October, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA