```
IN THE UNITED STATES DISTRICT COURT FOR THE
         SOUTHERN DISTRICT OF GEORGIA
                AUGUSTA DIVISION
```

ETHAN IAN JOHNSON,

    Plaintiff,

    v.                CV 117-082

WARDEN HILTON HALL; JAMES
BLANCHARD, JR.; and HOMER
BRYSON,

    Defendants.

## ORDER

Before the Court is Plaintiff's motion to reopen this case. (Doc. 23.) The Court **DENIES** Plaintiff's motion.

### I. BACKGROUND

Plaintiff is a state inmate currently serving a 20-year sentence for child molestation at the Coffee Correctional Facility in Nicholls, Georgia. Plaintiff filed this § 1983 action in July 2017 alleging that Defendant strip searched him in front of other inmates and female guards. He sought $96,000,000 in damages. On October 13, 2017, the Magistrate Judge issued a Report and Recommendation that the Court dismiss Plaintiff's § 1983 action for failure to state a claim upon which relief could be granted. On November 3, 2017, this Court adopted the Magistrate Judge's Report and Recommendation. That same day, the Court served Plaintiff with

its adoption Order and Judgment. Plaintiff received these documents three days later. He failed to file an appeal. On February 6, 2018, he filed the instant motion to reopen his case.

## II. DISCUSSION

Because Plaintiff is pro-se, the Court liberally construes his pleadings. Davilla v. Gladden, 777 F.3d 1198, 1208 n.5 (11th Cir. 2015). Accordingly, the Court finds multiple ways in which to construe Plaintiff's motion.

First, Plaintiff's motion may be construed as one to reopen the time in which he can file an appeal under Federal Rule of Appellate Procedure 4. Rule 4(a)(6) states that:

> [t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> **(A)** the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> **(B)** the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> **(C)** the court finds that no party would be prejudiced

Fed. R. App. P. 4(a)(6). The Court, however, finds that Plaintiff has failed to satisfy the requirements of Rule 4. Plaintiff has averred that he received the order he sought to appeal within three days of its entry, thus he has not satisfied prong 4(a)(6)(A). Additionally, Plaintiff did not move to reopen within 14 days of receiving notice of

2

the entry of judgment as required by prong 4(a)(6)(B). Thus, Plaintiff has not met "all the conditions" of Rule 4, and the Court will not reopen the time for Plaintiff to file an appeal.

Plaintiff's motion could also be construed as a motion to reconsider, because Plaintiff attempts to challenge the correctness of the Court's prior order. "[A] motion for reconsideration should only be granted if there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or prevent manifest injustice." Insured Deposits Conduit, LLC v. Index Powered Fin. Servs., LLC, No. 07-22735, 2008 WL 5691349, at *1-2 (S.D. Fla. Mar. 14, 2008); accord Bryant v. Jones, 696 F. Supp. 2d 1313, 1320 (N.D. Ga. 2010); Merrett v. Liberty Mut. Ins. Co., No. 3:10-cv-1195, 2013 WL 5289095, at *1 (M.D. Fla. Sept. 19, 2013). Because reconsideration is an extraordinary remedy to be employed sparingly, the movant must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. Voter Verified, Inc. v. Election Sys. & Software, Inc., No. 6:09-cv-1969, 2011 WL 3862450, at *2 (M.D. Fla. Aug. 31, 2011). A motion for reconsideration should not be used to present arguments already heard and dismissed, or to offer new legal theories or evidence that a party could have presented before the original decision. S.E.C. v. Mannion, No. 1:10-cv-3374, 2013 WL 5999657, at *2 (N.D. Ga. Nov. 12, 2013). Plaintiff has not presented an intervening change in the law, new evidence, or the need to correct clear error

3

or manifest injustice. Thus, to the extent the Plaintiff's request can be construed as one for reconsideration, the Court finds that he has not adequately met his burden.

Yet another way to construe Plaintiff's motion is as a motion to amend the judgment under Federal Rule of Civil Procedure 59. Rule 59 states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff failed to file his motion within 28 days of the entry of the judgment, therefore his motion is untimely under Rule 59.

Finally, the Court could construe Plaintiff's motion as one for relief from a judgment or order pursuant to Federal Rule of Civil Procedure 60(b). The Court, however, finds that Plaintiff has not satisfied the requirements of Rule 60(b).

### III. CONCLUSION

In sum, the Court finds that however broadly it construes Plaintiff's motion, Plaintiff has not demonstrated that he deserves a second bite of the apple. Thus, the Court **DENIES** Plaintiff's motion to reopen this case. (Doc. 23.) This case **SHALL REMAIN CLOSED**.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of April, 2018.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA